1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                        CENTRAL DISTRICT OF CALIFORNIA
10
11    WILLIAM LAURELES,                    )      CASE NO. ED CV 11-01755 PSG (RZ)
                                           )
12                        Petitioner,      )
                                           )      ORDER TO SHOW CAUSE
13         vs.                             )      RE TIMELINESS
                                           )
14    RANDY GROUNDS, Warden,               )
                                           )
15                        Respondent.      )
      ─────────────────────────────────── )
16

17          The Court issues this Order To Show Cause directed to Plaintiff because this

18    habeas corpus action may be time-barred.

19          In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

20    ("AEDPA"), a portion of which established a one-year statute of limitations for bringing

21    a habeas corpus petition in federal court.  28 U.S.C. § 2244(d).  In most cases, the

22    limitations period commences on the date a petitioner's conviction became final.  *See* 28

23    U.S.C. § 2244(d)(1).  The limitations period will start instead on one of the following dates,

24    whichever is latest, if any of them falls after the petitioner's conviction becomes final:  the

25    date on which a State-created impediment – itself a violation of Constitutional law – was

26    removed; the date on which a newly-recognized Constitutional right was established; or

27    the date on which the factual predicate for the claims could have been discovered through

28    the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2560, 2562-63, 177 L. Ed. 2d 130 (2010).

The current petition was filed in the Northern District of California, within which Petitioner is confined, on September 29, 2011. District Judge Susan Illston transferred the action to this District on October 31, 2011. She explained (1) that the action challenges Petitioner's sentence, not its execution, and therefore (2) that the Central District, in which Petitioner was convicted, is the proper venue.

From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a)   In 1996, a Riverside County Superior Court jury convicted Petitioner of false imprisonment and making terrorist threats. He was sentenced to 25 years to life in prison pursuant to California's "Three Strikes" sentencing laws. Pet. at 2-3 (omitting date of conviction); *see* docket in *People v. Laureles*, No. E018453, Cal. Ct. App (4th Dist., Div. 2), *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=42&doc_id=651557&doc_no=E018453 (making clear that appeal began in 1996).

(b)   Petitioner appealed. The California Court of Appeal affirmed in an opinion filed on August 27, 1997. *See id.* Three months later, Petitioner sought leave from the California Supreme Court for further direct review, but his petition was rejected as untimely on the same date (October 27, 1997). *See* docket in *People v. Laureles*, No. S065340, Cal. Supreme Ct. (1997), *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1797081&doc_no=S065340.

(c)   Petitioner apparently did not seek *certiorari* in the United States Supreme Court. His conviction therefore became final no later than January 26, 1998, when the high court's 90-day period for seeking such relief expired. *See* SUP. CT. R. 13.1.

(d)     Nearly twelve years passed.  In December 2009, Petitioner began pursuing in-prison administrative grievances to challenge his "Three Strikes" sentence as violating his Equal Protection Clause rights.  Prison authorities denied relief repeatedly, with the final denial coming on May 24, 2010, because Petitioner was not challenging any action or omission within the prison system.

(e)     Late in 2010, Petitioner commenced a series of state habeas petitions.  The trial court, the California Court of Appeal and the California Supreme Court all rejected relief.  The final rejection occurred on August 24, 2011.

* * * * *

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred.  It became stale nearly 13 years ago, at the end of January 1999, a year after his conviction became final.  Petitioner's commencement of state habeas proceedings over a decade thereafter, based on what he asserts are data showing that persons convicted later than he (after 2001) were less likely to have received "Third Strike" sentences, cannot rejuvenate his stale claims.  *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).  No basis appears in the petition for a later AEDPA-limitations-period starting date.  Nor does the face of the petition disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter.  *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).  Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations.  Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

/ / /

/ / /

/ / /

/ / /

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED:    November 9, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE